UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14134-CIV-MARRA/LYNCH

DARRELL ANDERSON,

    Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Darrell Anderson's ("Plaintiff") Notice of Dismisal [sic] of Attorney [DE 57]; Defendant United Parcel Service, Inc.'s ("Defendant") Verified Motion to Tax Attorney's Fees and Costs [DE 60] and Defendant's Motion to Strike Plaintiff's Response [DE 64]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Defendant's Motion to Strike Plaintiff's Response [DE 64]

Defendant seeks to strike Plaintiff's response to its motion for attorney's fees and costs based on Plaintiff's argument that Defendant's counsel are "criminals."  (Def. Reply 1.)  Rule 12(f) of the Federal Rules of Civil Procedure provides, in part, that any pleading may be stricken when it contains "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Here, the Court agrees that Plaintiff's response meets this standard and it is hereby stricken from the record.

II. Defendant's Motion to Tax Attorney's Fees and Costs [DE 60]

Defendant seeks attorney's fees and costs, as a prevailing party, pursuant to 42 U.S.C. § 2000e-5(k) ("Title VII") and Fla. Stat. 760.11(5) ("FCRA") because "Plaintiff's suit was frivolous, unreasonable and without foundation." (Def. Mot. 2.) In addition, Defendant seeks attorney's fees and costs incurred since August 26, 2006, the date Defendant served Plaintiff with its Offer of Judgment, pursuant to Fla. Stat. § 768.79 and Rule 68 of the Federal Rules of Civil Procedure. Lastly, Defendant seeks costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. In total, Defendant claims it expended $167,543.83 in attorney's fees and $2,811.81 in costs.

A. Attorney's Fees and Costs under Title VII and FCRA

Defendant argues that Plaintiff's claims of discrimination were without foundation from the onset of the litigation. (Def. Mot. 3.) According to Defendant, Plaintiff failed to establish a prima facie case of discrimination because he failed to produce any evidence that a non-Black employee who was similarly situated to Plaintiff had engaged in conduct similar to that engaged in by Plaintiff, but was not terminated. (Def. Mot. 4.) Moreover, Defendant criticizes Plaintiff for having sought leave to conduct additional "fruitless" discovery to respond to Defendant's motion for summary judgment. (Def. Mot. 4.) Lastly, Defendant argues that Plaintiff's amended response to the summary judgment motion did not rely on evidence but "unsubstantiated inferences." (Def. Mot. 5.)

Title VII and the FCRA allow the prevailing party a reasonable attorney's fee. 42 U.S.C.

§ 2000e-5(k); Fla. Stat. § 760.11(5).[1]  A prevailing defendant in a Title VII action may be awarded attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith, or that the plaintiff continued to litigate after it clearly became so."  Roper v. Edwards, 815 F.2d 1474, 1478 (11th Cir. 1987) quoting Christiansburg Garment Co. v. The E.E.O.C., 434 U.S. 412 (1978). In determining whether to assess attorney's fees, the Court must examine (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle and (3) whether the court dismissed the case prior to trial or held a full-blown trial on the merits. Turner v. Sungard Business Systems, Inc., 91 F.3d 1418, 1422 (11th Cir. 1996); Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).

Here, Plaintiff did not establish a prima facie case and the case was dismissed at the summary judgment stage.  Defendant did offer to settle the matter, albeit for a nominal amount. Defendant posits that, based on those facts, it has met the standard for an award of attorney's fees.  The Court agrees that Plaintiff's failure to establish a prima facie case or survive summary judgment gives credence to a finding that the action lacked foundation. Before making such a finding, however, it is necessary to discuss the circumstances surrounding Plaintiff's multiple responses to the summary judgment motion.

After Defendant filed its motion for summary judgment, Plaintiff moved the Court for additional time to conduct various depositions in order to respond to Defendant's motion for

---

[1] Caselaw interpreting Title VII applies with equal force to a claim brought pursuant to FCRA. Scelta v Delicatessen Support Svcs., Inc., 146 F. Supp. 2d 1255, 1261 n.5 (M.D. Fla. 2001); Florida Dept. of Community Affairs v. Bryant, 586 So. 2d 1205, 1209 (Fla. Dist. Ct. App. 1991).

summary judgment [DE 27].  Despite Defendant's vigorous opposition, and after holding a hearing on the matter, the Court permitted Plaintiff to conduct additional discovery and file an amended response to the summary judgment motion.  [DE 37].  In so doing, the Court allowed Plaintiff to obtain facts in support of his claim.  Plaintiff, however, obtained no new evidence in support of his claims. Instead, Plaintiff's amended response was speculative in nature, as exemplified by Plaintiff's request for the Court to "examine [ ] possible motives Mr. Smith may have had to embellish or possibly fabricate his claims." [DE 40 at 3.] Indeed, many of the arguments advanced by Plaintiff in his amended response did not rely on new evidence generated during discovery.

Based on this record, it is clear that Plaintiff's claim lacked foundation from the onset of the case and further discovery did nothing to change that fact.  At the beginning, Plaintiff pointed only to his status as a minority and his termination to support his claims, and did not provide evidence of disparate treatment.  Nor was Plaintiff ever able to produce the requisite evidence, despite the Court providing him ample opportunity to do so.  As such, the Court finds that Defendant is entitled to attorney's fees and costs under Title VII and the FCRA, beginning from the inception of this case.

      B. Attorney's Fees and Costs under  Fla. Stat. § 768.79

Defendant also seeks attorney's fees and costs under Florida's Offer of Judgment Statute, Fla. Stat. § 768.79.  In the recent case of Jones v. United Space Alliance, LLC, ____ F.3d _____, 2007 WL 2254510, No. 06-14618 (11th Cir. Aug. 8, 2007), the Eleventh Circuit held that the FCRA prevents the recovery of attorney's fees and costs under Fla. Stat. § 768.79.  Thus, Defendant is not entitled to attorney's fees and costs under Fla. Stat. § 768.79.

C.  Attorney's Fees and Costs under Rule 68 of the Federal Rules of Civil Procedure

Rule 68 of the Federal Rules of Civil Procedure provides an additional basis to award costs. That rule provides that when an offer of judgment is made and not accepted "the offeree must pay the costs incurred after the making of an offer" when the judgment is not more favorable than the offer. Fed.R.Civ.P. 68.  Thus, Rule 68 of the Federal Rules of Civil Procedure provide bases for an award of attorney's fees and costs expended by Defendant in this case.

D. Costs and Expenses under Rule 54 of the Federal Rules of Civil Procedure

Rule 54 of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54.  Given this clear directive, the Court concludes that Defendant, as a prevailing party, may recover costs under Rule 54 of the Federal Rules of Civil Procedure.

E.  Conclusion on Defendant's Motion to Tax Attorney's Fees and Costs

With respect to Defendant's claim for attorney's fees and costs pursuant to Title VII, the FCRA and Rule 68 of the Federal Rules of Civil Procedure, the Court finds that Defendant is entitled to fees and costs from the inception of the case.  With respect to Defendant's claim for attorney's fees and costs under  Fla. Stat. § 768.79, the Court finds that Defendant is not entitled to fees and costs.  Finally, Defendant is entitled to costs and expenses under Rule 54 of the Federal Rules of Civil Procedure.

The Court, however, has not made a determination as to the amount of attorney's fees and costs under Title VII, FCRA, and Rule 68 of the Federal Rules of Civil Procedure.  Nor has the Court made a determination of recoverable costs under Rule 54 of the Federal Rules of Civil Procedure.  Those matters shall be referred to Magistrate Judge Frank J. Lynch.

<u>III. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)   Defendant's Verified Motion to Tax Attorney's Fees and Costs [DE 60] is **GRANTED IN PART AND RESERVED IN PART**. This matter is hereby **REFERRED** to United States Judge Frank J. Lynch, in accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.

2)   Defendant's Motion to Strike Plaintiff's Response [DE 64] is **GRANTED**.

3)   Plaintiff's Notice of Dismisal [sic] of Attorney [DE 57] is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of August 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:

All counsel of record